**Harris County Docket Sheet**

# 2018-07431

**COURT:** 190th

**FILED DATE:** 2/2/2018

**CASE TYPE:** Debt/Contract - Debt/Contract



### PROTON THERAPY CENTER-HOUSTON LTD L L P (D/B/A PRO

Attorney: HOLLAWAY, THOMAS D

### vs.

### HUMANA HEALTH PLAN OF TEXAS INC

Attorney: FOSTER, RICHARD G.

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 3/18/2019 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

2/2/2018 5:41 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22274057
By: Walter Eldridge
Filed: 2/2/2018 5:41 PM

# 2018-07431 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| THE PROTON THERAPY CENTER – HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | HARRIS COUNTY, TEXAS |
| V. | § | |
| HUMANA HEALTH PLAN OF TEXAS, INC., | § § | _____JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF, THE PROTON THERAPY CENTER - HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, which files this Plaintiff's Original Petition complaining of HUMANA HEALTH PLAN OF TEXAS, INC.

## DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.4.

## PARTIES

2.  Plaintiff THE PROTON THERAPY CENTER - HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON

CANCER CENTER (hereinafter also referred to as "MDAPTC") is a limited partnership with its principal place of business at 1840 Old Spanish Trail, Houston, Texas 77054-2002.

3.    Defendant HUMANA HEALTH PLAN OF TEXAS, INC. (hereinafter also referred to as "HUMANA"), is a corporation organized and existing under the laws of Texas and may be served with process by serving its registered agent for service of process:

Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

**JURISDICTION**

4.    This Court has jurisdiction over HUMANA because HUMANA does business in Texas, has continuing and systematic contacts with Texas, and further, has breached contracts and is alleged herein to have committed certain torts in Texas.

**VENUE**

5.    Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

**FACTS**

6.    On or about September 9, 2013, November 20, 2014, February 19, 2015, July 29, 2015, November 2, 2015, November 11, 2015, November 24, 2015, December 16, 2015, MDAPTC entered into certain written agreements with HUMANA for specified, pre-approved patient care at the Proton Therapy Center. These agreements are

13

commonly referred to by the parties as "SPOT" agreements. Per the negotiated rates agreed to in the SPOT agreements, HUMANA was to reimburse MDAPTC either eighty percent (80%) or eighty-three percent (83%) of its full billed charges less the applicable deductible and patient co-payment amounts for outpatient services. The patients whose services are at issue in this matter shall be referred to herein by their initials of ISB, ZV, DR, KM, MD, CS, MC, and ZM to protect the patients' privacy.

7.     The MD Anderson Proton Therapy Center offers the most advanced radiation available to treat cancers of the prostate, lung, head and neck, liver, esophagus and brain, as well as for the treatment of lymphoma, pediatric cancers and other rare tumors. In keeping with MDAPTC's role as the most advanced facility in Texas for the treatment of proton therapy, and indeed, because the services MDAPTC's doctors provide can in some cases not be duplicated elsewhere, HUMANA-contracted facilities and physicians regularly refer patients to MDAPTC, even though it is not in HUMANA's network. Such referrals on their face represent a doctor's considered judgment that an insured beneficiary of HUMANA requires care that cannot be obtained at a HUMANA contracted facility and can only feasibly be provided at MDAPTC.

8.     Moreover, HUMANA, recognizing the well-deserved reputation for quality of care that the doctors, nurses, and staff of MDAPTC have earned, and the unique forms of medical treatment available there, sought access to, and consented to terms of payment so that its insured members could have access to care at MDAPTC's facilities, as though MDAPTC were an "in-network" provider.

13

9.     MD Anderson Proton Therapy Center pioneered the innovative, extremely precise form of proton therapy known as pencil beam scanning, and MDAPTC is part of MD Anderson Cancer Center, which has been ranked one of the nation's top two hospitals for cancer care by U.S. News & World Report every year since 1990. Accordingly, even though the MDAPTC is not an "in network" provider for HUMANA's health plan products, its insured population often seeks the unique cancer treatment services of the MDAPTC, which has resulted in HUMANA entering into SPOT agreements for patients needing the services of the MDAPTC. HUMANA has failed and refused to reimburse the MDAPTC according to the SPOT agreements it executed, resulting in actual damages to the MDAPTC of not less than ONE HUNDRED SIXC THOUSAND SEVENTEEN AND 43/100 DOLLARS ($106,017.43), for which it sues.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

10.     MDAPTC incorporates its factual allegations at paragraphs 6 – 9 by reference, as through set forth here verbatim.

11.     By requesting and then using MDAPTC's services, HUMANA entered into written SPOT Agreements to pay MDAPTC its customary charges for those services, less the insured's portion. Because HUMANA has had numerous of its insureds referred to MDAPTC for treatment and has entered into "SPOT" agreements on numerous occasions so its insureds could have access to care at the MDAPTC. The SPOT agreements are negotiated by persons familiar with the range of charges for the services provided by the MDAPTC.

12.     HUMANA has breached its SPOT agreements with MDAPTC and its breach has directly MDAPTC actual damages of not less than ONE HUNDRED SIX THOUSAND

SEVENTEEN AND 43/100 DOLLARS ($106,017.43). Because of HUMANA's failure to appropriately pay for MDAPTC's health care services as agreed, MDAPTC's has suffered damages in an amount in excess of the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION: UNJUST ENRICHMENT

13.    MDAPTC incorporates its factual allegations at paragraphs 6 – 9 by reference, as through set forth here verbatim.

14.    MDAPTC provided health care services to HUMANA's members with the expectation, and under circumstances implying and evidencing an intent by HUMANA to honor its obligation of payment. The health care provided by MDAPTC has enabled HUMANA to satisfy its obligations to facilitate appropriate care for its members and insureds. HUMANA cannot itself, in equity and good conscience, refuse to pay the agreed value for services rendered by MDAPTC to its insureds.

15.    Because of HUMANA's unjust enrichment, MDAPTC has suffered damages in an amount of not less than ONE HUNDRED SIX THOUSAND SEVENTEEN AND 43/100 DOLLARS ($106,017.43), for which it seeks recovery.

## ATTORNEY'S FEES

16.    This suit arises out of claims for rendered services, labor performed, and materials and supplies furnished. Before filing this lawsuit, the MDAPTC presented its claims to HUMANA and HUMANA failed to tender payment before the expiration of thirty (30) days after the claims were presented. MDAPTC has had to retain

13

counsel to represent it Therefore, MDAPTC is entitled to its reasonable attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001.

17.     MDAPTC is also entitled to recover its attorneys' fees under TEX. INS. CODE art. 20A. 18B due to HUMANA's failure to adhere to express terms of payment of insurance claims to a medical care provider, as described above.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, THE PROTON THERAPY CENTER – HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER prays that defendant HUMANA Health Plan of Texas, Inc. be cited to appear and answer herein, and that upon final trial of this cause, it be granted judgment against HUMANA Health Plan of Texas, Inc. for:

(a)    Actual damages of not less than ONE HUNDRED SIX THOUSAND SEVENTEEN AND 43/100 DOLLARS ($106,017.43);

(b)    Pre-judgment interest and post-judgment interest as allowed by law;

(c)    All taxable costs of Court,

(d)     Attorney's fees; and

(e)    All other relief, at law and in equity, to which Plaintiff may show itself entitled.

14

Respectfully submitted,

HOLLAWAY & GUMBERT

/s/ *T. Daniel Hollaway*

T. Daniel Hollaway
State Bar No.: 09866700
8225 Westglen Drive
Houston, Texas 77063-6307
Telephone:   (713) 942.7900
Facsimile:    (713) 942.8530

Email: dhollaway@houstonlaw.com

ATTORNEYS FOR PLAINTIFF,
THE PROTON THERAPY CENTER
HOUSTON, LTD., L.L.P. d/b/a THE
PROTON THERAPY CENTER AT THE
UNIVERSITY OF TEXAS M.D. ANDERSON
CANCER CENTER

15



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL

7017 1450 0001 3436 8462



047J82004178

$07.620
02/06/2018
Mailed From 77002
**US POSTAGE**

HUMANA HEALTH PLAN OF TEXAS INC (CORPORATION) MAY
BE SERVED WITH PROCESS BY SERVING ITS REGISTERED
AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE
COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701-3218

20180 1431



02-06-18

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®

**OFFICIAL USE**

Certified Mail Fee
$ 3.45
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$ 1.42

HUMANA HEALTH PLAN OF TEXAS INC (CORPORATION) MAY
BE SERVED WITH PROCESS BY SERVING ITS REGISTERED
AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE
COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701-3218

PS Form 3800, April 2015

7017 1450 0001 3436 8462

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

Case 5:19-cv-00431 Document 1-3 Filed in TXSD on 04/23/19 Page 11 of

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____ ☐ Agent
Chris Salcan ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
FEB 06 2019

1. Article Addressed to:

901807431        190

HUMANA HEALTH PLAN OF TEXAS INC (CORPORATION) MAY
BE SERVED WITH PROCESS BY SERVING ITS REGISTERED
AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE
COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN, TX 78701-3218

9590 9402 2957 7094 7791 27

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   sured Mail
   sured Mail Restricted Delivery
   .ver $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number (Transfer from service label)

7017 1450 0001 3436 8462

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 2957 7094 7791 27

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210**

CAUSE NO.   201807431

RECEIPT NO.                              75.00      CTM
           **********                    TR # 73460180

PLAINTIFF: PROTON THERAPY CENTER-HOUSTON LTD L L P (D/B/A        In The    90th
PROTON THERAPY CENTER                                            Judicial District Court
           vs.                                                   of Harris County, Texas
DEFENDANT: HUMANA HEALTH PLAN OF TEXAS INC                       190TH DISTRICT COURT
                                                                 Houston, TX

                        CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: HUMANA HEALTH PLAN OF TEXAS INC (CORPORATION) MAY BE SERVED WITH
    PROCESS BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION
    SERVICE COMPANY

    211  EAST 7TH STREET SUITE 620   AUSTIN TX  78701 - 3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 2nd day of February, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 6th day of February, 2018, under my hand and
seal of said Court.

Issued at request of:
HOLLAWAY, THOMAS D                         CHRIS DANIEL, District Clerk
8225 WESTGLEN DRIVE                        Harris County, Texas
HOUSTON, TX  77063                         201 Caroline, Houston, Texas 77002
Tel: (713) 942-7900                        (P.O. Box 4651, Houston, Texas 77210)
Bar No.: 9866700
                                           Generated By: ELDRIDGE, WALTER F  J8P//10875112

_____
                         CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                           ADDRESS

_____          Service was executed in accordance with Rule 106
                                              (2) TRCP, upon the Defendant as evidenced by the
(a)ADDRESSEE                                      return receipt incorporated herein and attached
_____                 hereto at

                                           _____
                                           on _____ day of _____, _____
                                           by U.S. Postal delivery to _____
                                           _____

                                           This citation was not executed for the following
                                           reason: _____
                                           _____

                                           CHRIS DANIEL, District Clerk
                                           Harris County, TEXAS

                                           By _____, Deputy

N.INT.CITM.P                    *73460180*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CAUSE NO.  201807431

| RECEIPT NO. | | 75.00 | CTM |
|---|---|---|---|
| ********** | | TR # 73460180 | |

PLAINTIFF: PROTON THERAPY CENTER-HOUSTON LTD L L P (D/B/A
PROTON THERAPY CENTER
       vs.
DEFENDANT: HUMANA HEALTH PLAN OF TEXAS INC

In The    190th
Judicial District Court
of Harris County, Texas
190TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HUMANA HEALTH PLAN OF TEXAS INC (CORPORATION) MAY BE SERVED WITH
PROCESS BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION
SERVICE COMPANY

   211  EAST 7TH STREET SUITE 620   AUSTIN TX  78701 - 3218

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>


This instrument was filed on the <u>2nd day of February, 2018</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 6th day of February, 2018, under my hand and
seal of said Court.


Issued at request of:
HOLLAWAY, THOMAS D
8225 WESTGLEN DRIVE
HOUSTON, TX  77063
Tel: (713) 942-7900
Bar No.: 9866700

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: ELDRIDGE, WALTER F   J8P//10875112

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  , citation  together  with  an  attached  copy  of
 PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____

(a)ADDRESSEE

ADDRESS _____

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the
   return receipt incorporated herein and attached
   hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____
_____

This citation was not executed for the following
reason: _____
_____

CHRIS DANIEL, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

*73460180*

3/2/2018 5:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 22914396
By: Deandra Mosley
Filed: 3/2/2018 5:47 PM

Cause No. 2018-07431

| | | |
|---|---|---|
| THE PROTON THERAPY CENTER – HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, | § § § § § § | IN THE 190TH |
| Plaintiff, | § | |
| v. | § § | JUDICIAL DISTRICT |
| HUMANA HEALTH PLAN OF TEXAS, INC. | § § § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Humana Health Plan of Texas, Inc. ("HHP Texas"), Defendant in the above-entitled and numbered cause, reserving the right to file other and further pleadings, exceptions and denials, files this Original Answer to the claims of Plaintiff The Proton Therapy Center – Houston, Ltd., d/b/a The Proton Therapy Center at The University of Texas M.D. Anderson Cancer Center.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, HHP Texas invokes its right to generally deny each and every allegation contained in Plaintiff's Original Petition, as well as any succeeding pleading filed by Plaintiff, and upon this denial, demands that Plaintiff prove all allegations by a preponderance of the evidence at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Humana Health Plan of Texas, Inc. prays it be dismissed from this cause and receive judgment for its cost of suit and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
Trinity Plaza II
745 East Mulberry, Suite 450
San Antonio, Texas 78212
(210) 736-3900
(210) 736-1992 - Fax

By:    */s/ Richard G. Foster*
    Richard G. Foster
    rfoster@prdg.com
    State Bar No. 07295100
    Lisa P. Alcantar
    lalcantar@prdg.com
    State Bar No. 24069284

**ATTORNEYS FOR DEFENDANT
HUMANA HEALTH PLAN OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause as indicated below in accordance with Rule 21a, Tex. R. Civ. P., on this 2nd day of March, 2018.

***Via Efiling***
T. Daniel Hollaway
**HOLLAWAY & GUMBERT**
8225 Westglen Drive
Houston, Texas 77063-6307
Telephone:  (713) 942.7900
Facsimile:    (713) 942.8530

    */s/ Richard G. Foster*
    Richard G. Foster

Case No.  201807431

**DCORX**

PROTON THERAPY CENTER-HOUSTON

vs.

HUMANA HEALTH PLAN OF TEXAS IN

\*
\*
\*
\*
\*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

190th      JUDICIAL DISTRICT

## DOCKET CONTROL ORDER

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. **09/17/18**   **JOINDER.**  All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS DOCKET CONTROL ORDER AT THE TIME OF SERVICE.

2.   **EXPERT WITNESS DESIGNATION.**  Expert witness designations are required and must be served by the following dates.   The designation must include the information listed in Rule 194.2(f).   Failure to timely respond will be governed by Rule 193.6.
(a) **12/17/18**   Experts for parties seeking affirmative relief.
(b) **01/16/19**   All other experts.

3.   **STATUS CONFERENCE.**  Parties shall be prepared to discuss all aspects of the case, including ADR, with the court on this date.   TIME:
Failure to appear will be grounds for dismissal for want of prosecution.

4.   **DISCOVERY LIMITATIONS.**  The discovery limitations of Rule 190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:
(a)   Total hours per side for oral depositions.
(b)   Number of interrogatories that may be served by each party on any other party.

5.   **ALTERNATIVE DISPUTE RESOLUTION.**
(a)   By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR.  If no agreement or objection is filed, the court may sign an ADR order.
(b)   ADR conducted pursuant to the agreement of the parties must be completed by this date.

6. **02/15/19**   **DISCOVERY PERIOD ENDS.**   All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement.  Incomplete discovery will not delay the trial.

7.   **DISPOSITIVE MOTIONS AND PLEAS.**  Must be heard by oral hearing or submission.
(a) **02/15/19**   If subject to an interlocutory appeal, dispositive motions or pleas must be heard by this date.
(b) **02/15/19**   Summary judgment motions not subject to an interlocutory appeal must be heard by this date.
(c)   Rule 166a(i) motions may not be heard before this date.

8. **02/15/19**   **CHALLENGES TO EXPERT TESTIMONY.**   All motions to exclude expert testimony and evidentiary challenges to expert testimony must be filed by this date, unless extended by leave of court.

9. **02/15/19**   **PLEADINGS.**   All amendments and supplements must be filed by this date.   This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

10.   Parties shall be prepared to discuss all aspects of trial with the court on this date.
TIME:             Failure to appear will be grounds for dismissal for want of prosecution.

11. **03/18/19**   **TRIAL.** If not assigned by the second Friday following this date, the case will be reset.

SIGNED

THOMAS D HOLLAWAY
8225 WESTGLEN DR
HOUSTON TX 77063-6307

1      9866700

DEBRA IBARRA MAYFIELD
Judge, 190TH DISTRICT COURT
Date Generated 04/09/2018

JCVO02
rev.11202006

Cause No. 2018-07431

| | | |
|---|---|---|
| THE PROTON THERAPY CENTER – HOUSTON, LTD., L.L.P. d/b/a THE PROTON THERAPY CENTER AT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER, | § § § § § § | IN THE 190TH |
| Plaintiff, | § | |
| v. | § § | JUDICIAL DISTRICT |
| HUMANA HEALTH PLAN OF TEXAS, INC. | § § § § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## <u>DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Humana Health Plan of Texas, Inc. ("HHP Texas")*,* Defendant in the above-entitled and numbered cause, reserving the right to file other and further pleadings, exceptions and denials, files this First Amended Original Answer to the claims of Plaintiff The Proton Therapy Center – Houston, Ltd., d/b/a The Proton Therapy Center at The University of Texas M.D. Anderson Cancer Center.

### I.      GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, HHP Texas invokes its right to generally deny each and every allegation contained in Plaintiff's Original Petition, as well as any succeeding pleading filed by Plaintiff, and upon this denial, demands that Plaintiff prove all allegations by a preponderance of the evidence at trial.

### II.      AMENDED ANSWER

1.      With respect to paragraph 1 of Plaintiff's Original Petition, HHP Texas denies the allegation as the Texas Rules of Civil Procedure have no applicability in this proceeding.

2.      With respect to paragraph 2 of Plaintiff's Original Petition, HHP Texas lacks information sufficient to form a belief about the truth of the allegation regarding Plaintiff's organization or principal place of business, but admits Plaintiff does business at 1840 Old Spanish Trail, Houston, Texas 77054-2002.

3.      With respect to paragraph 3 of Plaintiff's Original Petition, HHP Texas admits it is a corporation doing business in Texas and is authorized to do business as a life, accident and health company by the Department of Insurance in the state of Texas. HHP Texas admits that it may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78707.

4.      HHP Texas denies jurisdiction in state court in Harris County is proper as alleged in paragraph 4 of Plaintiff's Original Petition and specifically asserts that jurisdiction is proper in federal court pursuant to 28 U.S.C. § 1332(a). HHP Texas denies all remaining factual allegations contained in paragraph 4.

5.      HHP Texas denies venue in state court in Harris County is proper as alleged in paragraph 5 and specifically asserts that venue is proper in the Southern District of Texas, Houston Division. Therefore, jurisdiction is proper in federal court, not the state district court, as alleged by Plaintiff.

6.      HHP Texas admits it entered into certain written agreements that set terms for specific financial arrangements for specific covered services for certain patients, but HHP Texas denied it entered into written agreements for all the disputed claims. HHP Texas admits that the written agreements include negotiated percentages of reimbursement, specific to each of the patients identified by the initials ISB, ZV, DR, KM, MD, CS, MC and ZM. HHP Texas denies all remaining factual allegations contained in

paragraph 6.

7.     HHP Texas admits certain members obtain treatment through Plaintiff's facility due to the member's specific medical conditions. HHP Texas lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the extent of Plaintiff's medical offers, the relationships between Plaintiff and other referring facilities, or the medical judgment of referring physicians. HHP Texas denies all remaining factual allegations contained in paragraph 7.

8.     HHP Texas admits it entered into certain written agreements that set terms for specific financial arrangements for specific covered services for certain patients and allowed certain members to receive Plaintiff's services at an "in-network" benefit level, but HHP Texas denied it entered into written agreements for all the disputed claims. HHP Texas denies all remaining factual allegations contained in paragraph 8.

9.     HHP Texas lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the Plaintiff's history in pioneering proton therapy and its rankings in magazines. HHP Texas admits the patients identified by the initials ISB, ZV, DR, KM, MD, CS, MC and ZM obtained services from Plaintiff. HHP Texas admits it agreed to pay covered services at specified reimbursement rates for specific patients. HHP Texas denies all remaining factual allegations contained in paragraph 9.

10.     No response is required to paragraph 10, an incorporation paragraph which references no factual allegations which have not previously been addressed.

11.     HHP Texas admits it entered into certain written agreements that set terms for specific financial arrangements for specific covered services for certain patients and allowed certain members to receive Plaintiff's services at an "in-network" benefit level, but HHP Texas denies it entered into written agreements for all the disputed claims. HHP

Texas denies all remaining factual allegations and legal conclusions contained in paragraph 11.

12.     HHP Texas denies all factual allegations and legal conclusions contained in paragraph 12.

13.     No response is required to paragraph 13, an incorporation paragraph which references no factual allegations which have not previously been addressed.

14.     HHP Texas lacks knowledge or information sufficient to form a belief about the truth of the allegations of Plaintiff's beliefs regarding providing the disputed services to the patients identified by initials ISB, ZV, DR, KM, MD, CS, MC and ZM. HHP Texas denies all remaining factual allegations and legal conclusions contained in paragraph 14.

15.     HHP Texas denies all factual allegations and legal conclusions contained in paragraph 15.

16.     HHP Texas denies all factual allegations and legal conclusions contained in paragraph 16 and, further, denies Plaintiff is entitled to recovery of attorney's fees from HHP Texas.

17.     HHP Texas denies Plaintiff is entitled to recovery of attorney's fees from HHP Texas as alleged in paragraph 17 of Plaintiff's Original Petition.

18.     HHP Texas denies Plaintiff is entitled to the relief sought contained in its prayer and HHP Texas further denies Plaintiff is entitled to any relief at all on the claims alleged in Plaintiff's Original Petition.

## III.

## <u>AFFIRMATIVE DEFENSES</u>

19.     Certain of Plaintiff's state law causes of action are completely preempted under ERISA, 29 U.S.C. § 1132 (a)(1).

20.    HHP Texas asserts Plaintiff has failed to state a claim against HHP Texas upon which relief may granted.

21.    HHP Texas asserts it is not liable in the capacity in which it has been sued. Specifically, HHP Texas asserts it did not enter into contracts for all of the members identified.

22.    Further answering herein, and in the alternative, HHP Texas asserts the defense of the statute of frauds to Plaintiff's claims and asserts that any alleged agreement or modification of an agreement not in writing is void and unenforceable.

23.    Further answering herein, and in the alternative, HHP Texas asserts the defense of lack of contractual privity.

24.    Further answering herein, and in the alternative, HHP Texas asserts the affirmative defense of payment.

25.    Further answering herein, and in the alternative, HHP Texas asserts the defenses of estoppel, ratification and waiver to the claims asserted by Plaintiff to the extent they may apply to the claims in this case.

26.    Further answering herein, and in the alternative, HHP Texas pleads the affirmative defense of mitigation as Plaintiff has failed to mitigate its damages, if any, in connection with any alleged actions taken by HHP Texas, if any.

27.    While denying Plaintiff has any right to recovery under ERISA, the common law, or pursuant to the state statutory provisions Plaintiff seeks relief under in this case, HHP Texas asserts Plaintiff has failed to perform all conditions precedent under the agreements at issue by failing to follow the procedures set forth therein, as well as by failing to exhaust its administrative remedies in connection with its claim for health plan benefits.

28.     HHP Texas further asserts the defense of the statute of limitations, as certain of Plaintiff's claims arose more than four years prior to the filing of this action and are barred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Humana Health Plan of Texas, Inc. prays that it be dismissed from this cause and receive judgment for its cost of suit and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**PORTER, ROGERS, DAHLMAN & GORDON, P.C.**
Trinity Plaza II
745 East Mulberry, Suite 450
San Antonio, Texas 78212
(210) 736-3900
(210) 736-1992 - Fax

By:     _____
Lisa P. Alcantar
lalcantar@prdg.com
State Bar No. 24069284
Richard G. Foster
rfoster@prdg.com
State Bar No. 07295100

**ATTORNEYS FOR DEFENDANT**
**HUMANA HEALTH PLAN OF TEXAS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause as indicated below in accordance with Rule 21a, Tex. R. Civ. P., on this 20th day of April, 2018.

***Via Efiling***
T. Daniel Hollaway
**HOLLAWAY & GUMBERT**
8225 Westglen Drive
Houston, Texas 77063-6307

_____
Lisa P. Alcantar